# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LAWRENCE E. CLARKE, Jr., <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY PROSECUTING ATTORNEY'S OFFICE, *et al.*, <br><br> Defendants. | CASE NO. C19-0109-JCC <br><br> ORDER |

This matter comes before the Court on its pre-service review of Plaintiff Lawrence E. Clarke Jr.'s complaint (Dkt. No. 7) pursuant to 28 U.S.C. § 1915(e)(2). On March 26, 2019, United States Magistrate Judge Hon. Brian A. Tsuchida granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 6.) Plaintiffs brings his claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12134, and Rehabilitation Act of 1973, and names the King County Prosecuting Attorney's Office, King County Prosecutor Daniel Satterberg, and Senior Deputy Prosecutor Emily Petersen as Defendants. (Dkt. No. 7 at 1–2.)

While not entirely clear, the Court can glean the following factual allegations from Plaintiff's complaint. Plaintiff struggles with mental health issues, for which he began receiving counseling and other services at Sound Health in January 2018. (*Id*. at 5, 7, 9.) Plaintiff has also

been chronically homeless for much of the past decade and has attempted to obtain housing through multiple public and private programs. (*Id*. at 9–10.)

In April 2018, Plaintiff was arrested and charged with felonies in King County Superior Court for certain voyeurism incidents that took place in December 2017.[1] (*Id*. at 5, 9.) Plaintiff appears to allege that the King County prosecutor handling his case did not take his documented mental health issues into account when deciding to charge him and when recommending, as part of a plea deal, that he be incarcerated. (*Id*.) Plaintiff asserts that the prosecutor's conduct violated the ADA and Rehabilitation Act by failing to consider "the mental health factors" of the case. (*Id*. at 5.)

Plaintiff seeks injunctive relief. He asks the Court to "stop King County from filing these charges ASAP. Low[er] the charges if needed or apply alternative sentencing, fully adhere to the Americans with disabilities act." (*Id*. at 7.) Plaintiff states that he will lose his housing if he goes to jail and being incarcerated will adversely affect his mental health counseling and other social services. (*Id*. at 6.)

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). A complaint is frivolous for section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997). The Court also has an independent obligation to address whether it has subject matter jurisdiction over a lawsuit. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

---

[1] The complaint does not provide specifics regarding the charges, other than that they are "two felonies" arising out of incidents in late 2017. (Dkt. No. 7 at 5.)

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff seeks a form of relief—an injunction of his state criminal proceedings—that the Court cannot provide. There is a strong policy against federal intervention in pending state judicial proceedings in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *see also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. Cty. of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968.

The Ninth Circuit has ruled that *Younger* abstention is appropriate when:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*Cty. of San Jose*, 546 F.3d at 1091 (citation omitted). Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention are present. *Id.* at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make

abstention inappropriate.'" *Id.* (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

The Court concludes that it is appropriate to apply *Younger* abstention in this case. Plaintiff is currently charged with felonies in King County Superior Court. (*See* Dkt. No. 7 at 5–7.) Washington State clearly has an important interest in ensuring that its criminal laws are properly enforced and prosecuted. Plaintiff does not suggest that he is being prevented from raising his ADA and Rehabilitation Act challenge in the pending criminal proceeding. *See Moore v. Sims*, 442 U.S. 415, 432 (1979) (noting that it is the plaintiff's burden to demonstrate "that state procedural law barred presentation of [his or her] claims.") Finally, Plaintiff is asking the Court to enjoin the state case—an action that would directly interfere with the prosecution in a way that *Younger* abstention counsels against. *Younger*, 401 U.S. 37, 43–45; (*see* Dkt. No. 7 at 7) (requesting that the Court "stop King County from filing these charges ASAP. Low the charges if needed or apply alternative sentencing."). Finally, Plaintiff has not identified any exceptional circumstances that would make the *Younger* doctrine inapplicable.

Based on the forgoing, the Court DECLINES to exercise its subject matter jurisdiction over Plaintiff's ADA and Rehabilitation Act claims. Accordingly, the complaint is DISMISSED without prejudice.[2] Plaintiff's motion to appoint counsel (Dkt. No. 8) is DENIED as moot. The Clerk is DIRECTED to send Plaintiff a copy of this order.

DATED this 5th day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court concludes that it lacks subject matter jurisdiction, it does not reach the question of whether the complaint states a plausible claim for relief against Defendants.